KAHN, Judge,
concurring.
I concur in the court’s determination that this nonfinal order entered by a hearing officer does not meet the requirements for review under section 120.68(1), Florida Statutes (1987). I do, however, have grave reservations about the hearing officer’s suggestion that the parties take a portion of their dispute to the circuit court in Lee County. It would seem that the intent of Chapter 163 might be thwarted if the parties take literally the suggestion of the hearing officer that the circuit court has *275 jurisdiction to hear an action to interpret and enforce a stipulated settlement agreement entered into by governmental entities in the course of a proceeding seeking to develop an acceptable comprehensive plan. While a circuit court has jurisdiction to enforce agency action pursuant to a petition properly filed under § 120.69, Florida Statutes (1987), it is quite clear that in the present case there is no final agency action to enforce. It would appear that § 163.-3184(13), Florida Statutes (1987), provides that Chapter 163 proceedings are the sole method for determining whether a local government plan is in compliance with the Comprehensive Planning and Land Development Regulation Act. Perhaps the reason for this legislative directive is to encourage uniform standards to be applied in the development and approval of comprehensive plans.
While the court has properly refused to entertain the petition, I trust that the hearing officer may nonetheless find guidance from Judge Shivers’ perceptive observations concerning possible relevance of the settlement agreement.